IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            No. CR 05-377 BB

CARLOS ADAN ALVARADO,

        Defendant.

SENTENCING MEMORANDUM OPINION

THIS MATTER is before the Court on whether the Court may sentence under the United States Sentencing Guidelines or is required to impose a mandatory life sentence without the possibility of parole. The Court having considered the briefs of the parties and fully researched the law, finds Defendant's appearance before the state court in June 2001 did not result in a final conviction for a felony drug offense under provisions of the Omnibus Drug Initiative Act contained in 21 U.S.C. § 841(b)(1)(A).

*Factual History*

On January 18, 2001, eighteen-year-old Carlos Alvarado was charged in the Eleventh Judicial District Court, State of New Mexico, with, *inter alia*, possession with intent to distribute methamphetamine and possessing with intent to use drug paraphernalia (Criminal Information in CR-2001-51-6, attached to United States Brief in Support of Enhancement). On April 16, 2001, Mr. Alvarado pled guilty to a fourth

degree felony possession of a controlled substance (methamphetamine) and misdemeanor

possession of drug paraphernalia.   (*See* Order for Conditional Discharge and

Probationary Supervision, attached to Enhancement Brief).

The court granted Mr. Alvarado a conditional discharge under Section 31-20-13

NMSA 1978 (2000 Repl. Pamp.).  (*Id.*)  Specifically, the court sentenced Mr. Alvarado

in relevant part as follows:

> IT IS HEREBY ORDERED that, without an adjudication of guilt, further
> proceedings herein are deferred for a period of two and a half (2½) years
> and the Defendant is ordered to be placed on probation for a period of two
> and a half (2½) years under the terms and conditions of the standard
> Order of Probation in effect in this District ....

(*Id.*)  Probation not having been revoked, an Order of Release on Conditional Discharge

was filed on January 22, 2004, and the case was dismissed without an "adjudication of

guilt" having ever been entered.  (Order of Release on Conditional Discharge, attached

to Enhancement Brief).

In June 2003, Defendant was arrested and charged again in state court with

felony possession with intent to distribute a controlled substance (methamphetamine).

He pled guilty and there is no dispute this is a felony adjudication for purposes of

computing Defendant's criminal history.

Mr. Alvarado committed the instant offenses on January 18, 2005.  On June 21,

2005, the United States filed an enhancement pursuant to 21 U.S.C. §§ 841(a)(1)(A) and

851, arguing the 2001 conditional discharge discussed above, when combined with the

felony possession should be a second felony conviction and result in a mandatory sentence of life imprisonment without possibility of parole.

*Discussion*

Whether the twenty-three-year-old Defendant must spend his remaining days in a federal penitentiary or be released after "only" twenty-two years in custody turns on the meaning of the phrase "prior conviction for a felony drug offense" in 18 U.S.C. § 841(b)(1)(A).  After outlining the levels of various drugs, that provision states, *inter alia*:

> If any person commits a violation of this subparagraph or of section 849, 859, 860, or 861 of this title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release ....

The Government admits it bears the burden of proving prior convictions sufficient to serve as a predicate for the statutory enhancement.  *See* 21 U.S.C. § 851; *United States v. Harris*, 369 F.3d 1157, 1161 (10th Cir. 2004).  If the Government fails to comply with its statutory obligations or fails to prove that a prior conviction for a felony offense is valid, the Court is without authority to enhance a defendant's sentence.  *United States v. Novey*, 922 F.2d 624, 627 (10th Cir.), *cert. denied*, 501 U.S. 1234 (1991).

Under Tenth Circuit precedent, the deferred imposition of a judgment in a criminal case is not generally a criminal conviction for purposes of federal sentencing.  *United States v. Stober*, 604 F.2d 1274, 1276 (10th Cir. 1979).  In cases where the imposition of a judgment in a criminal case has been deferred there can be no valid prior felony conviction because there has been no determination of guilt.  *United States v.*

*Stober, supra* at 1276.  This is especially true when the statute of conviction explicitly admonishes that no judgment should be entered.  *Id*. at 1276.  Consequently, if the imposition of judgment in a criminal case was suspended and the state neither revoked probation nor pronounced judgment, then there is no judgment entered against the defendant for purposes of the enhanced sentences provided by 21 U.S.C. § 841(b)(1)(A).  *United States v. Stallings*, 301 F.3d 919, 920-21 (8th Cir. 2002).[1]

It is beyond cavil that New Mexico law does not recognize a conditional discharge as a "conviction for a felony drug offense [which] has become final."  The statute creating conditional discharge, § 30-31-28 NMSA 1978, provides:

> A discharge or dismissal shall *not* be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime including the penalties prescribed under this section for second or subsequent convictions *or for any other purpose*.

(Emphasis added).  The New Mexico courts have followed the clear intent of this language and held New Mexico law will not permit a conditional discharge to be used to enhance a criminal drug sentence.  *State v. Fairres*, 81 P.3d 611 (N.M. App. 2003).  A conditional discharge also does not require a person who receives such a discharge to

---

[1]    Federal courts have an analogous "conditional discharge" and 18 U.S.C. § 3607 provides special procedures for persons found guilty of misdemeanor possession of a controlled substance under 21 U.S.C. § 844(b).  If a person has not previously been convicted of a drug offense, the court may defer entry of judgment and place the person on probation for up to one year.  When a defendant is placed on pre-judgment probation, no judgment of conviction is entered.  *United States v. Hazelton*, 279 F. Supp. 2d 710, 714 (E.D. Va. 2003).  "Because an order placing a defendant on pre-judgment probation does not involve a judgment of conviction, it is not an 'otherwise final sentence.'"  *Ibid.*

register as a sex offender. *State v. Herbstman*, 974 P.2d 177 (N.M. App. 1998) (refusing to "render a legislative enactment meaningless"). Indeed, since a conditional discharge is not a conviction it will not even support the judicial imposition of a $75.00 crime lab fee. *State v. Fairbanks*, 82 P.3d 954, 958 (N.M. App. 2003) ("a conditional discharge is different than a suspended or deferred sentence because there is no adjudication of guilt"). Under New Mexico law, then, it is clear Mr. Alvarado's conditional discharge could not be considered a "final[2] conviction for a felony drug offense."

There is a range of opinion as to how the term "conviction" under 21 U.S.C. § 841 should be defined. One panel of the Eighth Circuit has relied on state law to determine the sentencing impact of a prior state proceeding and state decisions defining the term "conviction." *United States v. Stallings*, 301 F.3d at 921-22. Others have considered state law but on the facts found it consistent with the federal standard. *United States v. McAllister*, 29 F.3d 1180, 1185 (7th Cir. 1994); *United States v. Gomez*, 24 F.3d 924, 930 (7th Cir. 1994); *United States v. Cisneros*, 112 F.3d 1272, 1280-82 (5th Cir. 1997); *United States v. Campbell*, 980 F.2d 245 (4th Cir. 1992). Still other courts hold since § 841 makes no reference to state law the Court is free to create a federal definition of

---

[2]       The issue of whether a conviction is "final" must be determined under federal law. *United States v. Short*, 947 F.2d 1445, 1460 (10th Cir. 1991). In spite of the fact it is "conditional," several federal courts have found finality on state diversionary statutes under 21 U.S.C. § 841(b)(1)(A). *United States v. Miller*, 434 F.3d 820 (6th Cir. 2006); *United States v. Meraz*, 998 F.2d 182 (3d Cir. 1993); *United States v. Campbell*, 980 F.2d 245 (4th Cir. 1992) (when revoked probation became a final conviction). A conditional discharge would also be "final" as it is appealable under New Mexico law. *State v. Durant*, 7 P.3d 495 (N.M. App. 2000).

conviction which is directly contrary to state law. *United States v. Graham*, 315 F.3d 777, 783 (7th Cir. 2003); *United States v. Franklin*, 250 F.3d 653, 665 (8th Cir. 2001); *United States v. Mejias*, 47 F.3d 401 (11th Cir. 1995) (per curiam).

This Court believes to employ the New Mexico statute contrary to its express language would implicate important constitutional principles. To ignore the statutory interpretation of a New Mexico statute mandated by the New Mexico courts would do damage to the rationale undergirding both full faith and credit and comity. *See Employers Reinsurance Corp. v. Mid-Continent Cas. Co.*, 358 F.3d 757 (10th Cir. 2004) (both state and federal courts should give effect to valid judgments). Here, it is apparent that Mr. Alvarado's guilt for the 2001 drug offense was never established by a final guilty plea or by a finding of guilt by the courts of New Mexico. On the contrary, his plea was not accepted, the judgment was withheld, and the proceedings were deferred; the case was ultimately dismissed without any adjudication of guilt.

To use a state proceeding in a fashion contrary to the express purpose of the state proceeding would also be contrary to congressional expressions that the Omnibus Drug Initiative Act, from which § 841 derived, "should be a partnership of the federal, state, and local governments ..." 134 CONG. REC. E2881-01 (1988). *Cf.* COMPREHENSIVE ALCOHOL ABUSE, DRUG ABUSE AND MENTAL HEALTH AMENDMENTS OF 1988, Report 100-927, 100th Cong. (the purpose of the Act is "to continue the Federal Government's

6

partnership with the states in the development, maintenance, and improvement of community-based alcohol and drug abuse programs ....").

To interpret the New Mexico conditional discharge in a fashion contrary to well established New Mexico law also raises a question of due process when 21 U.S.C. § 841(a) does not itself define the type "prior conviction" which will result in life imprisonment. "Vague sentencing provisions may pose constitutional questions if they do not state with sufficient clarity the consequences of violating a given criminal statute." *United States v. Batchelder*, 442 U.S. 114, 123 (1979); *United States v. Gallagher*, 99 F.3d 329, 334 (9th Cir. 1996) (quoting *Batchelder*). In such a context, ambiguities as to the applicable penalty must be resolved in favor of lenity. *Batchelder*, 442 U.S. at 123. New Mexico's clear refusal to allow a conditional discharge as a basis for any type of enhancement or even costs does not provide any notice that someone previously subject to such a disposition may nonetheless be a predicate for life imprisonment.

The two alternatives for sentencing Defendant Alvarado are: (1) life imprisonment without possibility of release; or (2) a guideline sentence of 240-262 months (20-22 years).[3] An enhancement resulting from minor crimes resulting in life imprisonment without a possibility of parole has been held to violate the Eighth Amendment. *Solem v. Helm*, 463 U.S. 277 (1983); *People v. Gaskins*, 923 P.2d 292 (Colo.

---

[3] The Court considered 18 U.S.C. § 3553 but found no factors in the facts of this case that would suggest an appropriate deviation from the Guidelines.

App. 1996).  Whether the Eighth Amendment requires a proportionality analysis  and,
if so, its scope, however, remains ambiguous.  *See Ewing v. California*, 538 U.S. 11, 31-2
(2003); *Harmelin v. Michigan*, 501 U.S. 957 (1991).  At the least, using a plea to a crime
the state sentencing authority did not think significant enough to use to even impose a
fine, would seem to raise disproportionality problems when used as a predicate for the
imposition of a sentence of life without the possibility of parole.


DATED this 20th day of July, 2006.


BRUCE D. BLACK
United States District Judge